FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 19 PM 3: 10

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| VALLEY RESTAURANT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) CIVIL ACTION NO. 97-PWG-0864-S | |
| ) | |
| ASSOCIATED HOSTS OF CALIFORNIA, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTERED**

JAN 1 9 2000

MEMORANDUM OF DECISION

This matter is before the court for consideration of the motion of Associated Hosts of California, Inc. (herein "AHC") for summary judgment pursuant to the provisions of Rule 56 of the *Federal Rules of Civil Procedure* . (Document #25). The motion as originally filed sought summary judgment as to Count I, the conversion count; Count II, the fraud count; Count III, the negligence count; and Count IV, the interference with business relations count. (*Id.*). Plaintiff's response to the motion for summary judgment properly conceded that summary judgment was appropriate as to Count III, the fraud claim, and Count IV, the interference with business relations claim. (Document #33). The remaining aspects of the motion for summary judgment address the conversion claim of Count I and the negligence claim of Count III. In the memorandum in support of defendant's motion for summary judgment, defendant contended that plaintiff could not establish a cause of action for negligence in that "this case fails to demonstrate that the defendant's actions proximately caused any harm to the plaintiff, Valley...." (Memorandum at unnumbered p.8. *See also* defendant's Reply in Further Support of Summary Judgment, document #35, unnumbered p.2). On May 27, 1999 Valley Restaurant, Inc. (herein "Valley") filed with this court a pleading styled

"Summary of Damages" (document #41) in which Valley claims specified damages "incurred by plaintiff as a result of the actions of the defendant previously described in the amended complaint...."

After consideration of the motion for summary judgment and the pleadings in this action, the motion for summary judgment as to Count III, the negligence count, is DENIED. The motion for summary judgment on plaintiff's conversion count, Count I, is due to be and the same is hereby GRANTED for the reasons set forth more fully below.

This matter is before the undersigned magistrate judge pursuant to the provisions of 28 U.S.C. § 636(c); Rule 72.3; and the General Orders of Reference dated July 25, 1996 and May 8, 1998.

## STANDARD OF REVIEW

Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 56, *Federal Rules of Civil Procedure*. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element

of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990). As the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." [Citation omitted]. Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

898 F.2d at 1532.

## RELEVANT FACTS[1]

In 1976 Associated Hosts of California, Inc., (herein "AHC"), a California based Delaware corporation formed Valley Restaurant, Inc., (herein "Valley"), an Alabama corporation, as a wholly owned subsidiary.[2] The 35,000 shares of Valley common stock were held by AHC. Also, in 1976 Valley entered into a 30 year lease for real property which included a building suitable for a restaurant. The lease between Valley and Tillman Real Estate was an important asset of the corporation. In November 1987, AHC, the "sole shareholder and one hundred percent (100%) of all outstanding stock of Valley Restaurant, Inc.," sold its interest in Valley to Bodden Interest, Inc.,

---

[1] While absolutes are to be approached with caution legal writing it is safe to presume that the facts of this case have never occurred before and will never be replicated.

[2] Associated Hosts has also claimed that its principle place of business is Indiana. For the purposes of the proceedings in this court, the principle place of business of Associated Hosts is immaterial.

3

apparently a Texas corporation. (Defendant's Memorandum in Support of Summary Judgment, Exhibit E).[3] The agreement between AHC and Bodden Interest, Inc. clearly reflected that the sale involved the purchase of "all outstanding stock." (*Id.*)[4] The purchase agreement provided that AHC was to furnish to Bodden "<u>copies</u> of the Articles of Incorporation, by-laws, minute books and stock transfer book..." *(Id.,* emphasis added). In the agreement, Bodden agreed that it would "... not use the name of Cancun American Tavern and Grill ..." in its operation. (*Id.*) After the sale in 1987 John McCormick was the president of Valley Restaurant, Inc. which continued to operate a restaurant at the lease hold property. (Affidavit of Barbara McCombs, Property Manager for Tillman Real Estate, dated July 15, 1997).[5] Mr. McCormick's address was listed as Christiansted, Virginia. The Secretary of State for the State of Alabama listed the general business of Valley as the operation of a restaurant/night club in Birmingham, Alabama. (Document #9, Exhibit C).

In January of 1994 the office building housing the headquarters for AHC in Tarzana, California, was damaged in a severe earthquake. As a consequence of the earthquake, water pipes burst causing flooding and water damage to the offices of the legal department. Corporate minute books and records of AHC were destroyed. (Affidavit of Lisa Wycoff, July 29, 1997; document #11 Exhibit). After the earthquake, AHC found it was in possession of the original minute book of Valley which did not reflect the 1987 sale to Bodden Interest. According to AHC it conducted a "internal

---

[3] The address listed for Bodden Industries in the sale papers was San Antonio, Texas.

[4] [1.] <u>Property to be purchased</u>. Seller (Associated Hosts) hereby agrees to sell, transfer and convey to buyer (Bodden) all its rights, title and interests in and to thirty-five thousand (35,000) shares of the common stock of Valley ... which is equal to one hundred percent (100%) of the issued and outstanding shares of said corporation. *(Id.,* pp.1-2, Exhibit to the Motion for Summary Judgment).

[5] Ms. McCombs refers to the sale of Valley by AHC as occurring "in approximately 1986." The sale actually occurred in late 1987.

audit on or about November 1994" and discovered that several entities in which it had an interest were not longer operational. (Document #6, ¶ VI). AHC contends that it contacted CT Corporation, Inc., its Alabama agent for service of process, and received a list of officers for Valley. AHC states the names provided by CT Corporation were all AHC employees.[6] The minutes of a special meeting of the board of directors of Valley dated March 13, 1994 held at the office of "the corporation" in Tarzana, California, reflected that "directors" Mark Rouleau and John G. Knight were present. (Memorandum in support of defendant's motion for summary judgment, unnumbered Exhibit 4). The minutes[7] reflect that

> Mr. Rouleau stated that the principle purpose of the meeting was to consider and take action upon a proposal that VALLEY RESTAURANTS, INC. had no assets remaining in the State of ALABAMA according to the financial reports filed by Dryer and Edmonds the accounting firm appointed by the Corporation, be dissolved according to the laws of that state. A motion was made by the president and secretary that Articles of Dissolution will be completed and filed by the secretary and that no further business will be conducted by this Corporation....

(*Id.*).

---

[6] Plaintiff contends that a request to the Secretary of State for the State of Alabama in November of 1995 clearly reflected that Valley Restaurant, Inc. had a reporting address of San Antonio, Texas and further that John McCormick was the president and secretary of the corporation. (Document #9, Exhibit C). As this memorandum addresses only plaintiff's conversion claim, the factual dispute, if any, implicated by AHC's contention that it was informed that AHC employees were the officers and Valley's claim that the records of the Secretary of State reflected the proper information is immaterial for the reasons more fully set forth below.

[7] Although AHC in various papers has referred to its "internal audit" as occurring "around November of 1994" and minutes reflect a March 1994 meeting there is no material issue of fact. For the purposes of plaintiff's conversion claim, AHC assertion of ownership over Valley Restaurant, Inc. is unlawful, whether the product of intentional misconduct or innocent mistake.

Articles of Dissolution were executed on September 9, 1994 in the State of California by Mark Rouleau as president and John G. Knight as secretary for "Valley Restaurant, Inc." in Los Angeles County in the State of California. The Articles of Dissolution declared a statement of intent to dissolve the corporation to be filed on November 8, 1994 with the Judge of Probate of Jefferson County, Alabama. (Memorandum, unnumbered Exhibit 5). A Certificate of Dissolution was issued by George R. Reynolds, Judge of Probate for Jefferson County, Alabama on the 8th of November, 1994.

On April 28, 1995 plaintiff Valley "discovered that the Articles of Dissolution and the Certificate of Dissolution had been filed by defendant" and on May 3, 1995 "filed with the Secretary of the State of Alabama, the necessary documents to reincorporate under the name, Valley Restaurant, Inc. ...." (Complaint, document #1, ¶ 3). Valley contends that it had entered into a sublease agreement with Manasas, Inc. to operate the premises, pay rent to Valley and make certain repairs and improvements. Valley contends that the dissolution of Valley by the defendant caused difficulties in the transfer of plaintiff's liquor license to Manasas and because of the break in incorporation, the transaction with Manasas could not be completed. As a result, plaintiff claims $155,000 in compensatory damages. (Document #41).

## THE COMPLAINT

### COUNT ONE–CONVERSION

Plaintiff contends that AHC "through its unauthorized acts in dissolving [Valley Restaurant, Inc.] did convert to its own use the rights, business interests and relations and the property of [Valley Restaurants, Inc.] and [Valley] claims punitive damages due to the intentional or gross and reckless nature of defendant's conduct." (Complaint at ¶ 4 and 5 of unnumbered p.2).

6

It is well established in Alabama law that a conversion of property occurs when a party receives personal property from another who has no right to part with, or dispose of, such property, and thereafter exercises dominion over it. *Universal CIT Credit Corp v. Weeks,* 46 Ala. App. 372, 376, 242 So.2d 682, 685 (Ala. Civ. App. 1970). As a general rule, it does not matter that the person receiving the property did not know of the owners' rights or that such a person acting in good faith. *Id.* "It is only when it is duty of the owner to give notice, either or actual or constructive, that the general rule does not apply." *Id.* To constitute conversion, there must be a wrongful taking, or wrongful detention or interference or an illegal assumption of ownership or an illegal use or misuse. *National Surety Corporation v. Applied Systems, Inc.*, 418 So.2d 847 (Ala. 1982), *citing Ott v. Fox*, 362 So.2d 836 (Ala. 1978). "The case law of Alabama establishing the essential requisites for the maintenance of a cause of action in conversion has long been firmly established. There are four different actions which constitute conversion: (1) a wrongful taking; (2) an illegal assumption of ownership; (3) an illegal use of misuse; and (4) a wrongful detention. Only the fourth action requires proof that the plaintiff demanded the return of the converted property and that the defendant refused that return." *Id. quoting Raley v. Royal Insurance Company, Ltd.*, 386 So.2d 742 (Ala. 1980) (Torbert, C.J. concurring specially). Conversion then requires "a wrongful exercise of dominion <u>over property</u> in exclusion or defiance of plaintiff's rights, where plaintiff has ... the immediate right to possession." *EmpireGas of Alabama, Inc. v. Geary,* 432 So.2d 1258, 1260 (Ala. 1983) (emphasis added).

For the purposes of the instant motion, it may be reasonably assumed that AHC through its officers Mark Reouleau and John G. Knight asserted "an illegal assumption of ownership" with regard to Valley. The more difficult question is to what property was the illegal assumption of

ownership directed and as a corollary question, to whom did the property allegedly converted belong. In its motion for summary judgment, AHC contends that to the extent there was an unauthorized exercise of dominion with regard to Valley, the only "property" over which AHC exercised control was the stock of Valley owned by Bodden Interests, Inc. (Memorandum in support of defendants' motion for summary judgment.). AHC avers that it did not exercise or attempt to exercise control or assert a right over the lease hold property nor any personal property of Valley.[8/] AHC contends that under the law of conversion in the State of Alabama, AHC did not convert any "property" that belong to Valley.

In reply, Valley contends that "... only the corporate officers of Valley Restaurant, Inc. were vested with the <u>right</u> to dissolve Valley, and therefore, the <u>right</u> to bring an action for the unauthorized dissolution of Valley would vested in Valley Restaurant through its corporate officers." (Plaintiff's response in opposition to motion for summary judgment, document #33, unnumbered p.4). Valley also notes that "it is undisputed that officers for AHC (Mark Reouleau and John G. Knight) represented to the state of Alabama that they were officers and shareholders of Valley Restaurant, and it [sic] (in) the dissolution documents filed with the State of Alabama reported to the State of Alabama that all 35,000 shares of common stock were voted in favor of dissolution. This constitutes an unauthorized exercise of dominion or control over the <u>stock</u> of Valley Restaurant." *(Id)*. Valley correctly observes that under certain circumstances a wrongful taking of intangible property will support a claim for conversion citing *National Surety Corporation v. Supplied Systems, Inc.*, 418 So.2d 847, 850 (Ala. 1982) and *Raley v. Royal Insurance Co.*, 836 So.2d 742 (Ala. 1980). In

---

[8/] Indeed, AHC in its petition for dissolution of corporation specifically stated that AHC believed that Valley had not personal property in the state of Alabama in November of 1994.

8

*National Surety Corporation* the Supreme Court of Alabama noted that *Alabama Code* (1975) § 6-5-260 states that "the owner of personalty is entitled to possession. Any unlawful deprivation or interference with such possession is a tort for which an action lies." The Supreme Court noted that § 6-5-260 made no distinction between tangible and intangible personal property. In *National Surety Corporation*, Applied Systems, Inc. learned that former employees had incorporated a competing business using "computer tapes and programs" developed by Applied Systems. The Supreme Court guided by § 6-5-260 and Alabama Criminal Code § 13A-8-1(10) concluded that the intangible personal property, that is the computer program itself, was subject to conversion. The court wrote that "it would be inconsistent to say that intangible personal property can be subject to theft an yet not be subject to conversion." *National Surety Corporation*, 418 So.2d at 850.[9] In *Raley* the Supreme Court of Alabama dealt with an unusual fact situation related to the question of the conversion of money. An action alleging conversion of cash under Alabama law lies only when the money involved is 'ear marked' or is specified money capable of identification. *Gillis v. Benefit Trust Life Insurance Co.*, 601 So.2d 951 (Ala. 1992). In *Raley* an insurance company took the position that it was not liable for losses sustained by its insured resulting from a fire. The insured filed suit on the policy. The jury found for the insured. The trial court reduced the verdict by $9,143.23 on the insurance company's representation that it had paid the outstanding mortgage. In fact, the records showed that the mortgage was not satisfied until more than two years later. In a state court action for conversion, the Raley's contended that Royal Globe had converted the $9,143.23 because Royal

---

[9] In 1997 the Supreme Court of Alabama concluded that computer software (which it defined as synonymous with a computer program) was <u>tangible</u> personal property. *Wal-Mart Stores, Inc. v. City of Mobile*, 696 So.2d 290 (Ala. 1996) (*rehearing denied* April 1997). This change in the law does not affect the issues presented here.

9

Globe had not paid off the mortgage and extinguished the debt but, rather, had simply had the mortgage transferred to the insurance company. The company had merely placed itself in the bank's position as mortgagee. Throughout the period Royal Globe claimed to have paid the mortgage, it actually was in a position that it could have demanded mortgage payments from the Raley's. The Supreme Court of Alabama concluded that "when Royal Globe had <u>possession of the mortgage,</u> and failed to have it satisfied it was interfering with Raley's right of possession of his property, and was thereby guilty of conversion. Raley either had a right to the full amount of the jury award or the right to have the mortgage satisfied. The fact that the mortgage was eventually satisfied does not correct the evil done." (Emphasis added). *Raley*, 386 So.2d 743. In short, the defendant in *Raley* took possession of the mortgage which interfered with Raley's right to either his judgment or to have the mortgage satisfied. Neither Raley nor National Surety Corporation support Valley's legal claim of conversion here.

        To maintain an action for conversion Valley must establish that AHC converted specific personal property to the defendant's own use and beneficial enjoyment.[10] Valley, in asserting its claim of conversion, could show that AHC exercised dominion over property to which, at the time of the exercise of dominion, the <u>plaintiff</u> had a general or specific title and of which plaintiff was in actual possession or to which plaintiff was entitled to immediate possession. *Rice v. Birmingham Coal and Coke Company, Inc.*, 608 So.2d 713 (Ala. 1992); *Wilder v. Charles Bell Pontiac-Buick, Cadillac-GMC, Inc.*, 565 So.2d 205, 206 (Ala. 1990). Valley's contention that the Alabama law of conversion authorizes an action for the conversion of "intangible property" does not obviate the

---

[10] For the purposes of this order it is assumed that the use and beneficial enjoyment by AHC element is satisfied with the proposed dissolution of Valley. The dissolution would have relieved AHC from maintaining a dormant legal entity for which it was responsible which produced no income or other benefit to AHC.

requirement that the specific personal property at issue be itself identifiable. Valley identifies the "property" in one of two ways. First, Valley asserts that AHC exercised unauthorized dominion and control over the stock Valley in derogation of the rights of its officers and shareholders. Second, Valley contends that AHC "interfered with" Valley's "right to dissolve itself." Neither theory will support a claim of conversion. Although not controlling of the disposition of this action, it is helpful to acknowledge the definition of personal property to be used in construction of Alabama statutes. *Alabama Code* § 1-1-1 captioned "Meaning of Certain Words and Terms" provides at ¶ 8 that "The term 'personal property' includes money, goods, chattels, things in action and evidence of debt, deeds and conveyances."[11] A review of the documents submitted by both the plaintiff and defendant reveals that the illegal assertion of ownership by AHC was specifically directed to the "35,000 shares of stock" which had earlier been sold to Bodden Interests in 1987. AHC erroneously told the Secretary of State for the State of Alabama and the probate judge for Jefferson County that it <u>owned</u> the shares at issue and through proper exercise of those shares had elected to dissolve Valley. It is the assertion of right to the shares rather than the assertion of right to the "right of dissolution" which was unlawful. It may be true that the method by which AHC chose to utilize the property to which it had erroneously asserted ownership was the dissolution of Valley but the assertion of right was directed toward ownership of the stock rather than individual operational decisions properly reserved for the true owners. To maintain a cause of action for conversion, the named plaintiff here, Valley Restaurant, Inc., must demonstrate its "general or specific title" to the converted property. The property to which AHC asserted illegal ownership was the stock owned not by Valley but by Bodden

---

[11] As set out above, an action for conversion of money is maintained only when the money is "ear marked" or specific money capable of identification. *Gray v. Liberty National Life Insurance Co.*, 623 So.2d 1156, 1160 (Ala. 1993).

11

Interests, Inc.  There is simply no evidence of record that Valley owned the property to which the unlawful assertion of title was directed.

Valley's second contention that its "right of dissolution" was usurped AHC defies the definitional language of Alabama's law of conversion.  Whether or not the "right of dissolution" is "intangible" is secondary to whether or not it constitutes "property."  AHC did not make any unlawful assertion of ownership of any personal property of AHC within the meaning of *Raley* or *National Surety Corporation*.  In each of the cited cases, the "intangible property" represented an actual thing of value.  In one case, the computer programs while intangible were "things" subject to conversion.  In *Raley* the mortgage was a specifically identifiable debt over which the insurance company had exercised an unlawful dominion.  The "right of dissolution" is little more than one of the many inchoate "rights" that make up the panoply of the day-to-day operation rights of any entity.  Moreover, any "right of dissolution" presumably could only be exercised by the officers of Valley at the direction of or with the concurrence of its shareholder, Bodden Interests, Inc.

After consideration of the extraordinary facts of this action the court concludes that as a matter of law Valley Restaurant, Inc. cannot maintain an action for conversion and that AHC is entitled to summary judgment in its favor on that claim.

As to the foregoing it is SO ORDERED this the 17th day of January, 2000.

_____
PAUL W. GREENE
UNITED STATES MAGISTRATE JUDGE

12